**GUOZHANG GAO–LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–0752–ag.**

United States Court of Appeals, Second Circuit.

March 5, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney, District of Columbia, Madelyn E. Johnson, Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Guozhang Gao–Lin, a native and citizen of the People's Republic of China, seeks review of a January 18, 2006 order of the BIA, denying his motion for reconsideration. *In re Guozhang Gao–Lin,* No. A 74 324 647 (B.I.A. Jan. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

At the outset, we note that only the denial of Gao's motion to reconsider is under review because that is the only decision from which Gao filed a timely petition for review. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005)(*per curiam*).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur,* 413 F.3d at 233; *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA acted within its discretion in denying Gao's motion to reconsider. A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991) (internal quotation marks omitted). Here, Gao's motion to reconsider presented the same arguments—regarding ineffective assistance of counsel and changed circumstances in China—that he had asserted in his September 2005 motion to reopen. Because the BIA considered and rejected these arguments in its October

2005 denial of that motion, it did not abuse its discretion in denying Gao's subsequent motion for reconsideration. *See Jin Ming Liu,* 439 F.3d at 111 (the BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected).

 Additionally, Gao's due process argument is unavailing. In the asylum context, due process requires that an applicant receive a "full and fair opportunity to present h[is] claims." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104 (2d Cir. 2006) (internal citations omitted). Nothing in the record here suggests that Gao was allowed anything less than a full and fair opportunity to present his claims to the BIA. Gao, therefore, was not denied due process in his proceedings before the agency.

To the extent Gao's due process argument may be construed as a claim that the BIA abused its discretion by failing to consider adequately the arguments he presented in his motion to reconsider, this argument is similarly without merit. As stated above, the BIA properly noted in its decision that Gao's motion to reconsider repeated arguments that the BIA had previously rejected. The BIA, therefore, adequately addressed all the arguments necessary for its decision. *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006) (when a motion to reopen is based on changed country conditions, the BIA's failure to consider material evidence constitutes an abuse of discretion).

For the foregoing reasons, Gao's petition for review of the BIA's denial of his motion for reconsideration is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.